NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: YOUSIF H. HALLOUM, <br><br> Debtor. <br> ———————————————— <br><br> YOUSIF H. HALLOUM, <br><br> Appellant, <br><br> v. <br><br> MICHAEL G. KASOLAS, Trustee, <br><br> Appellee. | No. 14-60086 <br><br> BAP No. 14-1170 <br><br> MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Dunn, and Taylor, Bankruptcy Judges, Presiding

Submitted April 11, 2017[**]

Before:   GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Yousif Halloum appeals pro se from the Bankruptcy Appellate Panel's

("BAP") order dismissing as moot his appeal from the bankruptcy court's order

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

approving a settlement agreement between Halloum's chapter 7 trustee and his secured creditor. We have jurisdiction under 28 U.S.C. § 158(d). We review for clear error factual findings about mootness and de novo legal conclusions. *Rev Op Grp. v. ML Manager LLC (In re Mortgages Ltd.)*, 771 F.3d 1211, 1215 (9th Cir. 2014). We affirm.

The BAP properly dismissed Halloum's appeal as moot because Halloum did not object to, or take an appeal from, the bankruptcy court's order authorizing the sale of estate assets. *See Motor Vehicle Casualty Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 677 F.3d 869, 880-81 (9th Cir. 2012) (discussing factors to be examined when determining equitable mootness). Halloum has permitted such a comprehensive change of circumstances to occur that it is inequitable to consider the merits of the appeal. *See id*.

In light of our disposition, we do not consider Halloum's arguments regarding the underlying merits of the settlement agreement.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

14-60086